DEVINE v. ALPHONS CUSTODIS CHIMNEY CONST. CO.

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. MASTER AND SERVANT—MASTER'S LIABILITY FOR INJURIES TO SERVANT—
ACTIONS—ADMISSION OF EVIDENCE.

In an action by an employé for personal injuries, the negligence charged was defendant's failure to furnish plaintiff with a safe place to work. Plaintiff furnished a bill of particulars, specifying that the falling body which struck him was a brick; that it came through a chute, struck upon a rail of a car track and broke, and that a piece flew up and hit him in the head; that the charge of neglect to furnish plaintiff with a safe place in which to work was based upon the fact that defendant permitted bricks to fall through the chute on numerous occasions prior to the accident, rendering the place where plaintiff was required to work at the foot of the hoist dangerous, and that, instead of placing the railroad track upon which plaintiff was required to move cars loaded with bricks directly under the hoist, it could and should have placed it to one side. It did not appear that plaintiff was aware of the danger or guilty of contributory negligence. Plaintiff duly served notice under the employer's liability act. *Held*, that it was error, on a general objection of incompetency, irrelevancy, and immateriality, to exclude testimony of plaintiff's fellow workmen that several weeks prior to the accident bricks had fallen on different occasions through the chute and had struck the rail of the track; that defendant's superintendent was notified, and requested to obviate the danger and promised to do so, since, even if the complaint might not have withstood a demurrer, defendant, after being informed by the bill of particulars of the precise negligence with which it was charged, and then going to trial without objecting to the complaint, could not prevent plaintiff from showing such negligence.

2. SAME.

When a defendant goes to trial on a pleading charging general negligence in failing to furnish its employé a safe place in which to work, after receiving a bill of particulars showing wherein the place was unsafe, it cannot prevent plaintiff from proving the facts showing such unsafety by objecting to the testimony as not being within the issues.

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Patrick Devine against the Alphons Custodis Chimney Construction Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Oswald N. Jacoby, for appellant.

Frank V. Johnson (Knowlton Durham, on the brief), for respondent.

LAUGHLIN, J.   This is an action by an employé of the defendant to recover damages for personal injuries alleged to have been received through its negligence. The defendant was engaged in constructing a high chimney on the New York Central power house, at Port Morris, N. Y. The plaintiff at the time of receiving the injuries had been in the employ of the defendant as a laborer for a period of four or five weeks, assisting in the work of constructing the chimney. At the time of the accident, he was working on the ground floor of the power house, loading bricks into buckets which were hoisted up through a chute to the bricklayers working at the top of the chimney. The chute

was about four feet square. It was constructed by boards inclosing it on all sides from a point about 10 feet above the ground to a point where it entered the chimney, described as 1½ stories above the ground. The buckets were hoisted up through the chute and chimney by means of a wire cable passing over a wheel operated by an engine to a height of about 112 feet. The plaintiff and a fellow workman who had charge of the hoist at the bottom were loading a bucket with bricks about 10 feet away from the foot of the chute at the time of the accident. They had loaded the last bucket, which had been hoisted some three or four minutes before. While engaged in the work to which he was assigned, the plaintiff was struck upon the head by a piece of brick which fell down through the chute, and struck a rail of a railroad track directly underneath it, and broke and bounded, and he sustained injuries to recover for which he brings this action. A railroad track was constructed on the floor underneath the chute for the purpose of moving material. A brick fell and struck one of the rails of the track, which broke it in half, and one piece bounded and struck the plaintiff. It does not appear whether the brick fell from the bucket or was dropped by the bricklayers. The chute was evidently inclosed for the purpose of confining the course of falling material. The evidence would justify a finding that the plaintiff was not guilty of contributory negligence with respect to placing the bricks in the bucket, nor with respect to the position he occupied at the time he received the injuries. The negligence charged in the complaint is the failure of the defendant to furnish the plaintiff with a safe place in which to do his work "as required both by the law of the land and statutes of this state in such case made and provided." The plaintiff furnished a bill of particulars specifying that the falling body which struck him, as alleged in the complaint, was a brick; that it came through the chute, struck upon the rail of the car track used by the defendant for moving building material, and broke, and that a piece of the brick flew up and hit him in the head; that the charge of neglect on the part of the defendant to furnish the plaintiff with a safe place in which to do his work was predicated upon the fact that it permitted bricks to fall through the chute on numerous occasions prior to the accident, rendering the place where plaintiff was required to work at the foot of the hoist dangerous, and that, instead of placing the railroad tracks upon which the plaintiff was required to move cars loaded with bricks directly under the hoist, it could and should have placed it to one side. The plaintiff alleges that he duly served a notice under Employer's Liability Act, Laws 1902, p. 1748, c. 600, and this is admitted. The notice, however, is not in the record. Upon the trial counsel for the plaintiff asked questions, proper in form, of plaintiff's fellow workmen, with a view to showing that several weeks prior to the day of the accident bricks had fallen on different occasions through this chute; that the superintendent in charge of the work for the defendant was notified some ten days or two weeks before the accident that bricks were falling through the chute, and that those working underneath were in danger therefrom, and was requested to make some improvement to obviate the danger; that he promised to do so, and that bricks had on prior occasions struck the rail of the track. All of this evidence was ex-

cluded on the objection of counsel for defendant that it was incompetent, irrelevant, and immaterial, and counsel for plaintiff duly excepted. We are of opinion that this was error. The allegations of the complaint with respect to the negligence of the defendant are quite general. They are possibly open to the charge that only legal conclusions are set forth. It may be that they would not have withstood a demurrer or a motion to dismiss made at the opening of the trial. The defendant, however, was informed by the bill of particulars of the precise negligence with which it was charged, and it proceeded to trial without moving to dismiss the complaint. The evidence excluded was not objected to as not within the issues. If the objection had been placed upon that ground, it would not have been tenable, for when a defendant goes to trial on a pleading charging general negligence in failing to furnish a safe place, after receiving a bill of particulars showing wherein the place was unsafe, it cannot prevent the plaintiff from proving the facts showing that the place was unsafe.

Aside from the question of notice under the employer's liability act, if the plaintiff had been permitted to show that bricks had been falling and breaking and bounding in the vicinity where the defendant required its employés to work for some considerable time prior to the accident, a case would be presented upon which the jury might find that the employer was guilty of negligence at common law in failing to provide its employés with a reasonably safe place in which to perform their duties. There is no evidence that the plaintiff knew that bricks had fallen on prior occasions, or that he was aware of the danger in that regard. It would seem, therefore, that, if he had been permitted to show the facts which were excluded, he might have established a case at common law. It does not appear that the notice under the employer's liability act charged negligence on the part of the defendant's superintendent, and, if not, liability of the defendant could not be predicated under the employer's liability act, yet the assumption of risk is now a question of fact for the jury, and, since the evidence excluded might have warranted a finding that the defendant had neglected the duty of exercising reasonable care to safeguard the plaintiff from injury in the place in which he was assigned to work, it cannot be said as matter of law that plaintiff was not entitled to recover, for that was a duty which defendant could not delegate. The facts would not bring it within the rule that it was a detail of the work in the performance of which a superintendent was a co-servant.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN and HOUGHTON, JJ., concur. SCOTT, J., concurs in result.

INGRAHAM, J. (dissenting). I cannot see that there was any evidence of negligence of the defendant or its superintendent that would justify a recovery. The defendant was building a smokestack for the Port Morris power house of the New York Central Railroad Company. There was what was called a chute which ran 1½ stories constructed of boards, through which the blocks were being hoisted to the smoke-

stack where the bricklayers were at work. The plaintiff was engaged in loading blocks into a bucket which was hoisted up through the chute. While this bucket was being hoisted one of the blocks of which the chimney was being constructed fell, struck the ground, and then rebounded and struck the plaintiff. There was no evidence as to what caused the block to fall and whether it was due to improper loading, the negligence of one of the workmen in unloading the bucket, or from some other cause. There was evidence that blocks had fallen through this chute before, and there was evidence offered which was excluded to show that the foreman had been informed of that fact. The plaintiff stood some distance away from the bottom of the chute, and it was because of the block striking the rail on the ground and rebounding that he was injured. It certainly was not an unusual thing for a block to fall down a chute of this kind; but, as the burden of proof was upon the plaintiff to show that the accident was caused by some act of negligence of the defendant or its superintendents, in the absence of any proof as to what caused the block to fall, as between employer and employé, I do not see how it can be said that there was satisfactory evidence to justify a finding that either the employer or his superintendent was responsible. I do not consider that the question as to whether or not the defendant furnished the plaintiff a safe place to work is involved, as he was to place these blocks in the bucket, and there was no other place that he could work, and no protection that I know of could have prevented the block from falling down the chute, as the chute had to be opened to admit of the passage of the bucket.

I think the judgment should be affirmed.